

**Dated: June 9, 2015**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                )
                                      )   Case No. 15-10681-JDL
   KIMBERLY K. NEIDER,                )   Chapter 7
                                      )
              Debtor.                 )

**MEMORANDUM OPINION AND ORDER REGARDING MOTION TO EXCUSE APPEARANCE BY DEBTOR AT SECTION 341 MEETING OF CREDITORS**

The above matter came on for consideration upon *Motion for Order Allowing Debtor to be Excused from Appearing at 341 Meeting of Creditors and to Conduct Meeting of Creditors by Interrogatories* filed on May 13, 2015 ("the *Motion*") [Doc. 26] and the *Objection* to the *Motion* filed by Choice Capital Partners, LLC, Senior RE Choice McKinney, LLC and Senior RE Choice Plano, LLC (collectively "Choice") [Doc. 30]. The *Motion* presents a request that is not terribly uncommon. Specifically, from time to time, a request to excuse the debtor from appearing at his or her section 341 first meeting of creditors is made – most typically because there are joint debtors and one is ill, disabled, incapacitated, perhaps overseas engaged in military service. In many cases, this court authorizes the trustee to conduct the section 341 meeting with only one spouse testifying

on behalf of both, with one spouse appearing telephonically or, under certain circumstances by interrogatories. The *Motion* and the *Objection* before the court is somewhat unique and warrants further scrutiny.

The meeting of creditors is scheduled for June 23, 2015 at 2:00 PM. Debtor seeks to be excused from appearing at the first meeting of creditors because she is incarcerated in the Oklahoma Department of Corrections Mabel Bassett Assessment and Reception Center in Oklahoma City as the result of having been sentenced by the Oklahoma County District Court (Case No. CF-2014-5377) to 12 years in prison as part of a total sentence of 50 years. Debtor's criminal conviction was the result of having pled guilty to multiple counts of forgery and embezzlement arising out of her having stolen in excess of $500,000.00 from Choice by whom she was employed. In addition to her sentencing, the Oklahoma County District Court also ordered Debtor to pay restitution to Choice in the amount of $598,026.97. By the *Motion*, Debtor requests that as an alternative to attending the meeting of creditors that the court permit her to be examined by interrogatories. Choice objects to Debtor being excused from attendance at the 341 creditors' meeting, arguing that the use of the proposed interrogatories attached to the *Motion* are inadequate, and that it is entitled to ask Debtor questions about her debt to Choice, about her financial transactions before bankruptcy and about her finances.

The waiver of Debtor's attendance at the creditors meeting constitutes a core matter over which this Court has jurisdiction to enter a final order. 28 U.S.C. § 157(b)(2)(A). This *Memorandum Opinion and Order* contains the court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014.

2

Section 341 (a) of the Bankruptcy Code provides that a creditors meeting "shall" be held within a reasonable time following the entry of the order for relief. Bankruptcy Rule 2003(a) sets the time-frame for the meeting. The debtor "shall" appear at the § 341 meeting and undergo an examination, under oath, by the trustee and the creditors. 11 U.S.C. § 343. The primary purpose of the § 341 meeting is the examination of the debtor. The § 341 meeting permits the creditors to rigorously question the debtor on issues relating to dischargeability, estate administration and the debtor's financial affairs. The meeting also allows the trustee to query about possible recoveries under the avoiding powers. Thus, the debtor's presence at the § 341 meeting is not merely ceremonial, but instead plays a pivotal role in providing the creditors and the trustee with valuable information regarding the debtor's financial situation.

Given the pivotal role of the first meeting of creditors and the fact that § 343 provides that the debtor "*shall* appear and submit to examination under oath at the meeting of creditors", some bankruptcy courts, including the Western District of Oklahoma, have held that the "plain language" of the statute makes such an appearance mandatory and does not allow for the exercise of *any* discretion by the bankruptcy court to excuse the debtor's appearance for medical or other reasons, except under the Servicemembers Civil Relief Act. See e.g. *In re Agan*, 285 B.R. 324 (Bankr. W.D. Okla. 2002) (Judge Bohanon); *In re Martin*, 12 B.R. 319 (Bankr. S.D. Ala. 1981). As stated by Judge Bohanon in *Agan*, 285 B.R. at 326:

> "Furthermore, application of the statute doesn't reach a result which would be considered absurd. It is not absurd to apply the statute to say Congress means that if debtors are to obtain the benefits of bankruptcy relief, it is mandatory they attend the

> meeting and submit to the examination, without any exception. Persons who are unable to attend our simply ineligible for bankruptcy relief. This can obviously produce a harsh result and if it is perceived as bad policy it is a prerogative of the elected representatives to modify the Code, not the courts."

Other bankruptcy courts, a majority, hold that for a good and sufficient reason, or cause, the court has the discretion to waive the personal appearance of the debtor at a meeting of creditors, and may permit the required examination of the debtor to be accomplished telephonically or by written interrogatories, or require a representative of the U.S. Trustee and any interested creditors to conduct examination of the debtor at a place that is convenient for the debtor, but is different from where the meetings are otherwise conducted.  See e.g. *In reVilt*, 56 B.R. 723 (Bankr. N.D. Ill. 1986);[1] *In re O'Donnell*, 43 B.R. 679, 680 (Bankr. E.D. Pa. 1994*); In re Stewart*, 14 B.R. 959, 961 (Bankr. N.D. Ohio 1981); *In re Rust*, 1 B.R.656, 657 (Bankr. M.D. Tenn. 1979).

Collier on Bankruptcy sums up the issue of the necessity of debtor's appearance at the 341 meeting thusly:

> "Despite the mandatory language of section 343 requiring the debtor to appear at the creditors meeting, bankruptcy courts, upon proper motion, have excused the debtor's physical appearance in cases of serious illness, incarceration or overseas military service, particularly when alternative means of obtaining the necessary information were available. The court might also, in appropriate circumstances, order that the debtor appear and submit to examination by way of telephone conference or, where available, video conference.

---

[1] Both Debtor and Choice rely upon *In re Vilt*. Debtor for its general proposition that incarceration may excuse attendance at the first meeting of creditors. Choice relies on language in *Vilt* that such accommodation should only be granted to the " honest" Debtor, which Choice claims this Debtor is not. The determination of whether this Debtor is "honest" and entitled to bankruptcy relief will be determined by the adversary proceeding currently before the court, not by a motion regarding the manner in which Debtor will be required to attend the 341 meeting.

> Circumstances short of physical inability to appear due to illness or involuntary confinement have usually been held not to excuse a debtor for personally appearing at a creditors' meeting."

3 *Collier on Bankruptcy* ¶343.09[1] at 343-22-23 [15th Ed.].

To the extent that Judge Bohanon's decision in *In re Agan* holds otherwise, this Court rejects it. Under principles of *stare decisis*, a decision of a federal district court judge or bankruptcy court is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case. See e.g. *Fishman & Tobin, Inc. v. Tropical Shipping & Construction Co., Ltd.,* 240 F.3d 956 (11th Cir. 2001); *Walk v. Thurman*, 2012 WL 3292934 (Bankr. D. Utah 2011); *Threadgill v. Armstrong World Industries Inc.*, 928 F.2d 1366, 1371 (3rd Cir. 1991). It should be noted, however, that in *Agan* the debtor sought to be excused from attending the first meeting of creditors due to "work restrictions from her employer", and the debtor did not seek an alternative, such as by telephone or interrogatory, to such attendance. The present case is far different as Debtor does not seek to be excused merely because of inconvenience to her or her employer but is involuntarily confined and is physically incapable of attending a normal 341 meeting. Furthermore, here Debtor has proposed an alternative method of "appearance" for the first meeting of creditors, by interrogatories. Whether that alternative is sufficient is addressed below.

This Court is of the opinion that the flexible approach as expressed by the majority of cases and as summarized by *Collier* above represents the more rational and equitable policy which reconciles the debtor's obligation under § 343 with the realities with which a debtor may be confronted, whether it be illness, incarceration or other involuntary

circumstances. The court and the trustee have discretion concerning the *manner* in which the meeting is conducted and *how* the debtor shall attend the meeting, as contrasted with *whether* the debtor shall attend. The Bankruptcy Code does not direct whether the trustee may employ modern communications facilities to conduct the meeting. Instead, the trustee has discretion over these matters. A party in interest, including the trustee, may request court review of the manner of conducting the meeting. *In re Moore*, 309 B.R. 725, 727 (Bankr. N.D. Tex. 2002). Similarly, the court may determine how a debtor attends the meeting based on the facts and circumstances of the case.

  This Court adopts the "three-part exceptional circumstances test" governing when a debtor need not personally appear at first meeting of creditors where: (1) the debtor cannot personally appear at the meeting of creditors at the place where the meetings are regularly conducted, because of serious health reasons or other reasons beyond the debtor's control; (2) the inability of the debtor to personally appear is not a temporary impairment; and (3) the debtor has demonstrated a present and substantial need for bankruptcy relief, alternate arrangements for a place of conducting the meeting where the debtor can attend have been made, or telephonic examinations of a debtor have been permitted. *In re Sochia*, 231 B.R. 158 (Bankr. W.D. N.Y. 1999).

  Here, Debtor does not seek to be excused from attending the meeting, only that the alternative of interrogatories be employed. The *Motion* does not indicate whether the possibility exists as to the meeting being conducted by telephone or video conference. It does not indicate whether a request has been made of the correctional facility to accommodate an in person or telephonic meeting. In the Court's opinion, based on the

6

facts and circumstances of this case, "Interrogatories do not amount to attending the meeting, as they are more like the functional equivalent of the debtor's schedules and statement of financial affairs, and do not substitute for an examination based, in part, on the schedules and statement of financial affairs". *In re Moore*, 309 B.R. at 728. The Court agrees with Choice's assertion that the 11 Interrogatories attached to the *Motion* "are simply inadequate" for a meaningful examination of the financial affairs of Debtor. Thus, the Court finds that Debtor must establish an alternative method to functionally attend the meeting of creditors or show that her efforts to seek such alternatives have been exhausted.

**IT IS THEREFORE ORDERED**, that the Debtor's *Motion* is denied insofar as it seeks to have the meeting of creditors conducted by interrogatories only.

# # #